UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDDIE VAN OLIVER, III, )<br>)<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>)<br>MONICA LEWINSKY, et al., )<br>)<br>   Defendants. ) | Civil Action No. 1:25-cv-02909 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons discussed below, the Court dismisses this case without prejudice.

Plaintiff, a resident of Ohio, sues approximately 50 defendants, including the United States, the Department of Education, Monica Lewinsky, the "medical industry," the "marijuana industry," several foreign countries, and numerous other individuals. *See* Compl. at 1–2. The Complaint totals 3410 pages, including prolific accompanying unexplained exhibits, ECF Nos. 1-1 through 1-26, thus contravening D.C. Local Civil Rule 5.1(e), (g). Plaintiff alleges that he has been "racially slurred by a white wizard and witchery followers. The knot on [his] face disrespects the statue of Abraham Lincoln it shows slavery not freedom." Compl. at 4. He again twice repeats the allegation that he was "four finger slurred," by Jonathan Young and "GS vacancy's, which he contends constitutes "malpractice," which occurred "after the President and Vice President left

campus." *See id*. at 4–5. He broadly refers to "treason," "perjury," "civil rights," and "conspiracy," *see id.* at 4, and demands "four to eight billion in damages," *id*. at 5.

The Court cannot exercise subject matter jurisdiction over Plaintiff's Complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). As here, a court shall dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981); *see* 28 U.S.C. § 1915(e)(2)(B)(i).

For these reasons, the Complaint, ECF No. 1, and this case, are dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: November 21, 2025

TREVOR N. McFADDEN
United States District Judge